IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GREYHOUND LINES, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No.: 3:07-CV-2111-O ECF |
| YOUNAN PROPERTIES, INC., | § § § | |
| Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the court are: Plaintiff's Motion for Voluntary Dismissal (Doc. # 8) filed February 4, 2008; Defendant's Response to Plaintiff's Motion for Voluntary Dismissal (Doc. # 13) filed February 25, 2008; and Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Voluntary Dismissal (Doc. # 15) filed March 7, 2008. Having reviewed the motion, Defendant's response, and the applicable law, the Court finds that Plaintiff's Motion for Voluntary Dismissal should be **GRANTED.**

I.
BACKGROUND

Plaintiff Greyhound Lines, Inc. ("Greyhound") initiated this suit against Defendant Younan Properties, Inc. ("Younan") in the 193rd Judicial District Court of Dallas County, Texas. In its original petition, Greyhound alleged various claims including, breach of contract, reformation of a commercial tenant lease, rescission of the lease, declaratory relief, money had and received, unjust enrichment, attorney fees, costs, and other unspecified relief. After answering the state court

petition, Younan removed the case to federal court on December 18, 2007 based on diversity jurisdiction. Doc. No. 1 (3:07-CV-2111-O) (N.D. Tex. Dec. 18, 2007).

Subsequently, counsel for Greyhound received a letter from counsel for Younan dated January 11, 2008, which informed Greyhound that YPI One Dallas Centre LLC ("YPI") was the proper party defendant and requested that Greyhound dismiss its claims against Younan. (Pl. App. at 019). Based on Younan's representations, on January 25, 2008, Greyhound filed an identical Original Petition in state court against YPI. *See Greyhound Lines, Inc. v. YPI One Dallas Center LLC*, Cause No. 08-00916 in the 116th Judicial District Court of Dallas, County, Texas.

Although counsel for Younan received notice of the state court suit against YPI, it nevertheless filed a motion for summary judgment in this action on January 30, 2008. *See* (Pl. App. at 019) (letter from counsel for Younan stating he has authority to accept service of the state court suit for YPI); Doc. No. 5 (3:07-CV-2111-O) (N.D. Tex. Jan. 30, 2008) (Younan's Motion for Summary Judgment). Five days later, Greyhound filed its Motion for Voluntary Dismissal and Brief in Support seeking dismissal of this federal case. Doc. No. 8 (3:07-CV-2111-O) (N.D. Tex. Feb. 4, 2008). Younan filed a response to Greyhound's Motion for Voluntary Dismissal requesting that dismissal be denied and that its Motion for Summary Judgment be granted, or in the alternative for an award of attorney fees and costs. (Def's Resp. at 1, 6). Greyhound filed a reply on March 7, 2008. Doc. No. 15 (3:07-CV-2111-O) (N.D. Tex. Mar. 7, 2008). Accordingly, the issue is ripe for determination.

II.
DISCUSSION

A. Plaintiff's Motion for Voluntary Dismissal

Greyhound moves the Court to grant voluntary dismissal without prejudice in order to promote judicial efficiency, contending that further proceedings in this case are no longer necessary since a lawsuit has been filed in state court against the proper party, YPI. (Pl. Mot. & Reply at 1). Rule 41(a)(1) of the Federal Rules of Civil Procedure allows a plaintiff to dismiss an action without a court order only if notice of the dismissal is filed prior to the defendant's answer or motion for summary judgment and if the plaintiff has not previously dismissed an action "based on or including the same claim." FED. R. CIV. P. 41(a)(1). When the defendant has filed an answer or motion for summary judgment, Rule 41(a)(2) allows the plaintiff to move for dismissal only by a stipulation signed by all parties, FED. R. CIV. P. 41(a)(1)(ii), or by order of the court, "upon such terms and conditions as the court deems proper." FED. R. CIV. P. 41(a)(2). The plaintiff's right to dismissal under Rule 41(a)(2) "is not absolute." *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976). The decision rests within the sound discretion of the district court and is only reviewed for an abuse of discretion. *Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir. 1985).

Under circuit precedent, a district court should freely grant a motion for voluntary dismissal unless it finds the non-moving party "will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Hyde v. Hoffmann-La Roche, Inc.*, 511 F.3d 506, 509 (5th Cir. 2007); *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). "Legal prejudice has been defined as prejudice to some legal interest, some legal claim, [or] some legal argument." *Espinoza v. Nacher Corp.*, No. 1:07-CV-051, 2007 WL 1557107, at *2 (E.D. Tex. May 24, 2007). For example, courts have found legal prejudice to exist where dismissal might result in a defendant's

loss of a potentially valuable defense. *Hyde,* 511 F.3d at 509; *U.S. ex rel. Matthews v. HealthSouth Corp.,* 332 F.3d 293, 297 (5th Cir. 2003) (citing *Elbaor,* 279 F.3d at 318). Likewise, a defendant's loss of significant time, effort, or expense in preparing for trial can also constitute legal prejudice. *U.S. ex rel. Doe v. Dow Chemical Co.*, 343 F.3d 325, 330 (5th Cir. 2003); *Oxford v. Williams Companies, Inc.*, 154 F. Supp. 2d 942, 952-53 (E.D. Tex. 2001). For example, the court denied dismissal in *Oxford* when the plaintiff filed for dismissal after twenty-one months of significant trial preparation. *Oxford*, 154 F. Supp. 2d at 952.

In deciding whether to grant dismissal, a district court takes a number of factors into consideration though "there is no single formula for balancing a court's discretion on a Rule 41(a)(2) determination." *Oxford*, 154 F. Supp. 2d at 951. These factors, among other considerations, typically include: (1) when in the course of litigation the plaintiff files the motion, *see Oxford*, 154 F. Supp. 2d at 951; (2) whether the suit is still in pretrial stages, *see Templeton*, 901 F.2d at 1275-76; (3) whether the parties have filed numerous pleadings and memoranda, (4) whether the parties have attended conferences, (5) whether there are prior court determinations adverse to the plaintiff's position, *see Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5th Cir. 1991); (6) whether hearings have been held, (7) whether any defendants have been dismissed on summary judgment, and (8) whether the parties have undertaken significant discovery, *see Hartford Accident & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990); *see also Espinoza*, 2007 WL 1557107 at *2.

In fact, there are only a limited number of circumstances that will warrant denial of a Rule 41(a)(2) motion since "the [court] should not require that a plaintiff continue to prosecute an action that it no longer desires to pursue." *Radiant Tech. Corp. v. Electrovert USA Corp.*, 122 F.R.D. 201,

204 (N.D. Tex. 1988) (citing *LeCompte*, 528 F.2d at 604). This Court has previously recognized that outright denial of a motion to dismiss may be appropriate when "the defendant demonstrates: (1) that dismissal will preclude the court from deciding a pending case or claim-dispositive motion; or (2) there is an objectively reasonable basis for requesting that the merits of the action be resolved in this forum in order to avoid legal prejudice." *Radiant,* 122 F.R.D. at 203-04. However, a pending claim-dispositive motion, such as a motion for summary judgment, is only a single factor within the court's analysis and does not, in and of itself, preclude dismissal. *Bhullar v. Sonoco Prods. Co.*, No. 3:02-CV-2283-G, 2004 U.S. Dist. LEXIS 514, at *13 (N.D. Tex. 2004); *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1258 (11th Cir. 2001); *Metro. Fed. Bank of Iowa, F.S.B. v. W.R. Grace & Co.*, 999 F.2d 1257, 1262 (8th Cir. 1993). Further, a motion for voluntary dismissal should be denied where "a plaintiff seeks to circumvent an expected adverse result." *See e.g., Davis*, 936 F.2d at 199 (dismissal denied, in part, because of a comprehensive recommendation issued by the magistrate judge adverse to the plaintiff's position).

In this case, the Court finds that dismissal is warranted because Younan has not demonstrated legal prejudice. First, given that time and cost spent in preparing the case weighs heavily in determining whether there is any prejudice to the defendant, Greyhound's early motion for dismissal filed well within the pretrial stage and prior to any Rule 26(f) conferences or discovery indicates a lack of legal prejudice. *See Oxford*, 154 F. Supp. 2d at 952. Unlike the circumstances in *Oxford* involving nearly two years of substantial trial preparation and multiple motions prepared by the parties, Younan has filed only one motion in this case: namely, its premature motion for summary judgment, which was filed a mere forty-two days after the case was removed to federal court, and only sixty-nine days from the date suit was filed. *See* N.D. LOC. R. 56.2(a) (indicating

5

the deadline for filing a motion for summary judgment is normally 90 days before the trial date unless otherwise directed by the court). Thus, it cannot be said Younan has spent significant time, effort, or expense in defending this case to warrant denial of Greyhound's motion to voluntarily dismiss. *See Oxford*, 154 F. Supp. 2d at 952; *see also Espinoza,* 2007 WL 1557107 at *3.

Further, Younan's arguments that dismissal is precluded by: (1) its pending motion for summary judgment, and (2) the potential damage to its business reputation do not demonstrate the requisite legal prejudice. (Def's Resp. at 3). As previously discussed, existence of a pending claim-dispositive motion is only one factor within the analysis, and the Court does not find this factor weighs in Younan's favor since the record shows its motion for summary judgment was filed before any Rule 26(f) conference, scheduling order, and before any discovery had even been undertaken. *See Bhullar,* 2004 U.S. Dist. LEXIS 514 at *13; *Hartford*, 903 F.2d at 360. Moreover, Younan's claim of business and reputational harm does not present an "objectively reasonable basis for requesting that the merits of the action be resolved in this forum in order to avoid legal prejudice." *See Bhullar*, U.S. Dist. LEXIS 514 at *13 (emphasis added). Instead, early and prompt dismissal of this lawsuit without any resolution on the merits of Greyhound's claims will minimize any public stigma. Finally, it does not appear that Greyhound is seeking dismissal in order to circumvent an expected adverse result. Based on Younan's specific request and suggestion, Greyhound filed a second suit against the proper party in state court and there are currently no adverse rulings against Greyhound's position. *See Davis*, 936 F.2d at 199. Accordingly, the Court finds that Greyhound's Motion for Voluntary Dismissal Without Prejudice is well taken and is hereby **GRANTED.**

B.      Defendant's Request for Attorney Fees and Costs

When granting a motion for voluntary dismissal, the court is permitted through Rule 41(a)(2) to impose any conditions it finds proper, which may include a requirement that plaintiff bear defendant's attorney fees and costs. FED. R. CIV. P. 41(a)(2); *Mortgage Guar. Ins. Corp. v. Richard Carlyon Co.,* 904 F.2d 298, 300 (5th Cir. 1990). However, the conditions imposed, if any, should only include what is necessary to eliminate the harm done to the defendant. *LeCompte,* 528 F.2d at 605. Thus, an important factor in the court's determination of whether to condition dismissal upon plaintiff's payment of attorney fees depends on the amount of discovery and the extent to which various pretrial motions have been filed. *Radiant*, 122 F.R.D. at 204; *see also Templeton,* 901 F.2d at 1276. For a suit still in the pretrial stage, the absence of extensive trial preparation and discovery proceedings usually indicates that the defendant will not suffer significant harm by dismissal of the case. *Templeton,* 901 F.2d at 1276. Similarly, "if it appears the plaintiff intends to refile the action in another forum or that a similar action is pending before a different court, and that discovery and other pretrial legal services will translate to the second proceeding, the court may adjust the fees and expenses accordingly." *Radiant,* 122 F.R.D. at 204.

Here, Younan chose to file a motion for summary judgment even though it knew Greyhound had complied with its suggestion to file another state court suit against YPI, and would presumably move to dismiss the federal action against Younan. Indeed, Greyhound promptly filed for dismissal early within the pretrial phase and before either party attended conferences, hearings, or began the discovery process. In light of the fact that a party may bring suit against whomever it chooses and Younan initially appeared to be a proper party, the court does not find significant harm in Younan having to defend itself up to this point. (Pl. Mot. at 1-2 App. at 1-18). Likewise, should Greyhound

7

choose to refile its claims or join Younan in the state court action against YPI, the summary judgment materials and related pleadings may be used in that proceeding. *See Radiant*, 122 F.R.D. at 204; *Espinoza*, 2007 WL 1557101 at *3. Accordingly, Younan's alternative request for a dismissal conditioned upon Greyhound's payment of its attorney fees and costs is hereby **DENIED**.

III.
CONCLUSION

In sum, Plaintiff's Motion for Voluntary Dismissal (Doc. #8) under FED. R. CIV. P. 41(a)(2) is unconditionally **GRANTED**. It is therefore **ORDERED** that the claims asserted by Plaintiff against Defendant are hereby DISMISSED without prejudice. All court costs are to be borne by the party incurring the same.

In view of that ruling, Defendant's Motion for Summary Judgment (Doc. #5) is **DENIED** as moot. Further, Plaintiff's Motion for Leave to File Amended Complaint (Doc. #10) and Motion to Continue Defendant's Motion for Summary Judgment (Doc. #12) are hereby **DENIED** as moot. This Order dismisses all claims and all parties and is a final judgment.

**SO ORDERED** on this 9th day of June, 2008.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**